UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ASHLEY B. STEWART

VERSUS                                              CIVIL ACTION

MICHAEL J. ASTRUE,                                  NUMBER 07-232-RET-SCR
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 15, 2008.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASHLEY B. STEWART

VERSUS                                         CIVIL ACTION

MICHAEL J. ASTRUE,                             NUMBER 07-232-RET-SCR
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Ashley B. Stewart brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her claim for child's insurance benefits (CIB).

Plaintiff was 19 years of age at the time of the ALJ's decision.  AR pp. 168-69.[1]  Plaintiff attended school through the twelfth grade and graduated from high school.  At the time of the ALJ hearing the plaintiff was attending college.  AR pp. 47, 62, 72-73, 175-77.  In 2003 and 2004 the plaintiff worked part-time as a restaurant cashier and in 2005 did some telemarketing work.  Plaintiff's earnings record from this employment showed that the work performed by the plaintiff did not amount to substantial gainful activity.  AR pp. 50-57, 169-78.

Plaintiff filed an application for benefits in October 2004 in which she claimed that she has been disabled since January 1993.

---

[1] Plaintiff's date of birth is January 20, 1987.

AR pp. 40-49.  In her application the plaintiff alleged that she suffered from the following combination of disabling impairments: insulin resistant diabetes, thyroid disease, and vision problems. Plaintiff's application was denied and the plaintiff filed a request for a hearing before an administrative law judge (ALJ).  AR pp. 30-35.

The ALJ held a hearing on September 1, 2006 and issued an unfavorable decision on October 26, 2006.  AR pp. 13-19, 165-86. The ALJ found that the plaintiff had not engaged in substantial gainful activity since her alleged onset date.  Prior to attaining the age of 22, the ALJ determined that the plaintiff had several medically determinable impairments: hypothyroidism, polycystic ovary syndrome, depression and metabolic syndrome.  However, at the second step of the five step sequential disability analysis, the ALJ found that the plaintiff's combination of impairments was not severe.  Since the plaintiff's impairments, neither singly or in combination were severe, the ALJ concluded that the plaintiff was not disabled prior to the date she attained age 22.[2]

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied the plaintiff's request for review on February 12, 2007.  AR pp. 3-6.  The ALJ's decision became the final decision of the Commissioner and the plaintiff filed her petition for judicial review.

---

[2] Plaintiff will be 22 years of age on January 20, 2009.

## **Standard of Review**

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries:  (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the relevant legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).  If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131 at 135.  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).  In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Conflicts in the evidence are for the Commissioner and not the court to resolve.

*Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).[3]

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v.* Bowen, 809 F.2d 1054, 1057 (5th Cir. 1981); Western *v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505. The regulations require the ALL to apply a five step sequential evaluation to each claim for disability benefits. 20 C.F.R. § 404.1520. In the five step sequence used to evaluate claims, the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment or combination of impairments, (3) the impairment(s) meets or equals the severity of a Listing impairment in Appendix 1 of the regulations, (4) the impairment(s) prevents the claimant from

---

[3] It is well-established that in cases brought under § 405(g), evidence external to the administrative record is generally inadmissible, and on judicial review the court cannot consider any evidence that is not already a part of the administrative record. *Lovett v. Schweiker*, 667 F.2d 1, 2 (5th Cir. 1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir. 1985).

performing past relevant work, and (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

Listing impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a Listing he must demonstrate that it meets all of the medical criteria specified in the Listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525. To show that his impairments are equivalent to a Listing impairment, the claimant must present medical findings equal in severity to all the criteria for the impairment most like his impairment. *Id.*; 20 C.F.R. § 404.1526.

At the fourth step the Commissioner analyzes whether the claimant can do any of her past relevant work. The burden of proving disability rests on the claimant through the first four steps. If the claimant shows at step four that she is no longer capable of performing any of her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, *supra*. If the Commissioner meets

5

this burden the claimant must then show that she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

## Analysis

Plaintiff argued the ALJ committed several errors that require reversal and remand of the decision to deny her claim for child's insurance benefits. Plaintiff asserted that the ALJ's finding at step two that her impairments are not severe is not supported by substantial evidence. Plaintiff also asserted that the ALJ neglected to discuss the relevant laboratory findings which revealed markedly abnormal thyroid levels, and failed to evaluate her obesity impairment as required by SSR 02-1p. Plaintiff maintained that the ALJ clearly should have found her impairments severe at the second step and proceeded with the remaining steps of the disability analysis.

Contrary to the plaintiff's arguments, the record demonstrates that the ALJ applied the proper legal standards and his findings were supported by substantial evidence. The record reflects that at step two the ALJ applied the proper legal standard to determine the severity of the plaintiff's combination of impairments.[4] In the Fifth Circuit, the controlling severity standard is set forth

---

[4] Having a medically determined impairment as defined by the regulations, does not establish that the impairment alone or in combination with other impairments, is severe or disabling within the meaning of the regulations. *See*, *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992); *Barajas v. Heckler*, 738 F.2d 641, 644 (5th Cir. 1984); *Charleston v. Barnhart*, 2005 WL 17193225 (W.D. Tex. July 22, 2005)(diagnosis of an impairment alone is not sufficient to establish a severe impairment or a disability).

in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). In *Stone v. Heckler* the court interpreted the term "severe" found in 20 C.F.R. § 404.1520(c) and § 416.920(c). The *Stone* court determined that an impairment is "considered not severe only if it is a slight abnormality" that has such a "minimal effect on the individual that it would not be expected to interfere with an individual's ability to work," irrespective of age, education or work experience. *Id*. at 1101; *Loza v. Apfel*, 219 F.3d 378, 390-91 (5th Cir. 2000).

At the second step the ALJ stated that he had to determine whether the plaintiff's combination of impairments established only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. AR p. 14. The ALJ's use of this language conveys the essence of the *Stone* standard, and the ALJ cited to Social Security Rulings which clarify that the standard for evaluating a claimant's impairments at step two is consistent with the test forth by the Fifth Circuit in *Stone*.[5] Thus, a review of the ALJ's decision leaves no doubt that the ALJ used the correct legal standard to evaluate the severity of the plaintiff's impairments.

The record also contains substantial evidence to support the ALJ's finding that the plaintiff's combination of impairments were not severe. This evidence is found in the reports of Dr. Douglas

---

[5] The ALJ cited SSR 85-28, 96-3p and 96-4p. These policy interpretation rulings reference the *Stone* standard. AR p. 14.

Davidson and clinical psychologists Laura E. Lajos and Alan L. Taylor.[6]

After taking a complete history, examining the plaintiff and reviewing the data available, Dr. Davidson stated that the plaintiff had several medical problems - depression, insulin resistance, headaches, obesity, mild breast asymmetry, thyroid problems (goiter with hypothyroidism), and refractive error (adequately corrected). However, Dr. Davidson concluded that these medical conditions did not limit the plaintiff's ability to work. AR p. 116.

Clinical psychologists Taylor and Lajos did an assessment of the plaintiff's mental status and intellectual functioning in June 2006. The intelligence tests administered showed that the plaintiff had average intelligence. Other than a history of low grade depression, the report of the plaintiff's mental status was entirely normal. After interviewing, testing and evaluating the plaintiff's mental status and abilities, the psychologists concluded that the plaintiff did not have any limitations on her ability to do mental work-related activities. AR pp. 149-57.

Plaintiff did not dispute the report of the psychologists or Dr. Davidson's findings, but complained that Dr. Davidson's report did not indicate that he reviewed medical evidence and laboratory

---

[6] AR pp. 114-17, Report of Consultation Examination performed by Dr. Davidson on January 24, 2005; AR pp. 149-57, Report of Consultative Examination by Lajos and Taylor on June 5, 2006.

8

results.  This argument is without merit.  Dr. Davidson's report stated that he reviewed the data sent to him, and other statements in his report reflect that he did consider the medical evidence and test results from the plaintiff's treating doctors.  For example, on the first page of his report Dr. Davidson listed the names of the plaintiff's treating physicians and the names and dosage of the medications they prescribed.  AR p. 114.  At the end of the report he stated that the plaintiff had insulin resistance with no mention of diabetes, "per her records."  AR p. 116.

Plaintiff also complained about the weight the ALJ accorded the report of Dr. Davidson, noting that Dr. Davidson saw the plaintiff only once.  Essentially, this is an argument that the ALJ did not correctly weigh the evidence.  It too is without merit.

The ALJ's role is to weigh the evidence and resolve conflicts in the evidence.  On judicial review the court cannot reweigh the evidence or decide any issues de novo.  It is apparent from examining  the ALJ's decision that he carefully considered all the evidence, including the test results, notes and reports of the plaintiff's treating doctors along with the report of Dr. Davidson.[7]  After review, he obviously found that some of the

---

[7] Dr. Rajat Bhushan of the Metabolic Center of Louisiana treated the plaintiff for her conditions and wrote a letter dated September 11, 2006.  AR pp. 136-48, 159.  In the letter, Dr. Bhushan summarized the plaintiff's medical conditions, but did not state that the conditions resulted in any limitations on the plaintiff's ability to perform work-related activities.  He stated
(continued...)

9

opinions of the plaintiff's doctors were conclusory and unsupported, and that Dr. Davidson's assessment was more supported and consistent with the other objective evidence in the record.[8] AR pp. 16-19. Thus, there was no error in the ALJ's method of analyzing and weighing the evidence and substantial evidence supports his findings.

---

[7](...continued)
that the plaintiff would need to have an occupational evaluation by a physical therapist to get an assessment of her physical abilities.

Dr. Donnie Batie of the Primary Care Group also treated the plaintiff. Some Primary Care Group treatment records from 2002, 2003 and 2004 are included in the administrative record. AR pp. 98-113. Dr. Batie stated in a letter written on August 30, 2006 that the plaintiff was not limited in her ability to lift and carry, but prolonged standing/walking would be affected by her attentiveness and depression, and also stated that "a 4-5 hour work span would be efficient for her impairment." AR p. 160. Dr. Batie's statements regarding limitations caused by the plaintiff's depression are conclusory and unsupported by any tests, treatment records or other objective findings.

[8] Generally, the reports of a treating physician are entitled to great weight. However,
> the treating physician's opinions are not conclusive. The ALJ has sole responsibility for determining disability status, and the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. The opinions may be assigned little or no weight when good cause is shown. Good cause may permit discounting the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. A treating physician's opinion can also be rebutted when there is competing first-hand medical evidence, or if there is other medical evidence from physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion. (internal citations and quotations omitted).

*Pineda v. Astrue*, 289 Fed.Appx. 710, 713 (5th Cir. 2008), citing, *Newton v. Apfel*, 209 F.3d at 455-58.

10

Finally, the plaintiff asserted that the ALJ failed to evaluate obesity as required by SSR 02-1p,[9] and did not specifically discuss the test results that showed severe thyroid disease. These arguments are also without merit.

The record reflects that the plaintiff did not list obesity as a basis for her application for disability benefits.[10] However, the medical evidence establishes that the plaintiff was diagnosed as obese. While the ALJ did not mention SSR 02-1p or cite specific test results, it is clear that he was aware of and considered the condition of obesity as well as medical tests, in the context of reviewing all the evidence and the doctor's reports. AR pp. 16-18. For example, Dr. Davidson's report which the ALJ relied on, listed obesity as one of the plaintiff's medical problems. After listing obesity along with the plaintiff's other medical conditions, Dr. Davidson concluded that the plaintiff was able to work without limitations. Furthermore, there is no objective evidence in the record indicating that the plaintiff had any work-related

---

[9] This policy interpretation ruling explains the changes in the Social Security regulations related to obesity. Effective October 25, 1999 obesity was deleted from the Listing of Impairments. The new regulations added paragraphs to the prefaces of the musculoskeletal, respiratory and cardiovascular listings to provide guidance about the potential effects obesity can cause with regard to these listed impairments. Under the new guidelines, the effects of obesity are considered not only under the listings but also in evaluating a claim at other steps of the sequential evaluation process. SSR 02-1p, 2000 WL 628049; *Wooten v. Apfel*, 108 F.Supp.2d 921, 924 (E.D. Tenn. 2000); *Weary v. Astrue*, 288 Fed. Appx. 961 (5th Cir. 2008).

[10] AR p. 41.

11

limitations caused by obesity.  Thus, it is apparent that in the sequential disability analysis the ALJ adequately considered the plaintiff's diagnosis of obesity.[11]  Plaintiff's argument that the ALJ failed to properly take this condition into account in his analysis is unsupported.

On judicial review it is not necessary that all of the relevant evidence support the ALJ's findings.[12]  If the finding/decision is supported by substantial evidence considering the record as a whole it must be upheld. A review of the record establishes that this quantum of evidence exists here.  There is no basis for the plaintiff's argument that the ALJ's decision was either unsupported by substantial evidence or not in compliance with the proper legal standards.  The final decision of the

---

[11] *See*, *Doss v. Barnhart*, 137 Fed.Appx. 689 (5th Cir. 2005)(where ALJ considered objective medical evidence including notations of her doctors that she was obese, record indicated that ALJ considered impact of claimant's obesity on her ability to perform sedentary work); *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004)(where ALJ adopted limitations suggested by specialists and reviewing doctors who were aware of claimant's obesity, condition was factored into ALJ's decision as part of the doctor's opinions); *Gannon v. Astrue*, 2008 WL 4490738 (N.D. Tex. Oct. 3, 2008)(same); *Conerly v. Barnhart*, 2008 WL 724030 (S.D. Miss. Mar. 17, 2008)(same).

[12] All of the evidence in the record does not have to support the ALJ's findings.  Even if substantial evidence supports the claimant's position it is not grounds for reversal. As long as the finding or decision is supported by substantial evidence in the record as a whole it must be affirmed.  *See*, *Carroll v. Dept. Health, Ed. and Welfare*, 470 F.2d 252, 254 n. 4 (5th Cir. 1972); *Haley v. Massanari*, 258 F.3d 742, 746 (8th Cir. 2001).

Commissioner should be affirmed.

## **Recommendation**

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. §405(g), the final determination of the Commissioner of Social Security Michael J. Astrue, denying the application of Ashley B. Stewart for child's insurance benefits be affirmed, and this action be dismissed.

Baton Rouge, Louisiana, December 15, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE